81,958-01; 02

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 12 2015

Abel Acosta, Clerk

Sean Weimer
#01718500, 7-G-3-56
3060 Fm 3514, Mark Stiles
Beaumont, Texas 77705

January 7, 2015

Court Of Criminal Appeals
Attn: Court Clerk
Writ No. W10-58626-H (A) & W10-58692-H (A)

Dear Clerk:
    Would you please see that my "Objection
Motion" is properly filed with the Court. Thanks,

Sincerly,
Sean Weimer

Enclosures
Objection Motion pages 1-3

Court Of Criminal Appeals Of Texas
Writ No. W10-58626-H(A)
Writ No. W10-58692-H(A)

Ex Parte

Sean Weisner
     Applicant

In The Criminal
District Court
Of
Dallas County, Texas

Applicant's Objection To Judge Robert Burns'
Findings Of Fact AND Conclusions Of Law

## A-I

To the Honorble Court:
On this 7th Day of January 2015, Applicant is
placing his Objection Motion In The United States
Mail prepaid to Robert Burns Finding Of Fact
And Conclusions of Law which was mailed from
Zip Code 75154 on December 30, 2014 and served
on Applicant here on the Mark Stiles Prison Unit
on January 5, 2015. Addressed to the District Clerk,
and the Clerk of the Court of Criminal Appeals Of Texas.
Said Objection Motion is being filed pursant to District
Court Finding Of Fact And Conclusions Of Law

## A-II

Applicant objection to Court Finding Of Fact.
The Court Find that there is no credible evidence that
Applicant was either incompetent or insane. The court is
incorrect (1) Applicant has a mental health issues including
paronoid schizophrenix psychotic moods, major depression
and auditory hallucinations (2) Trial Counsel and State Attorney
alleged facts that Applicant was in a jealous rage at the
time Offense.

Fact And Conclusions Of Law (1) See: Lopez vs. States 909
S.w. 2d 513 Tx Crim App 1995 [When a person is psychotic
he or she incorrecty evaluates the accuracy of his or her
perception and thoughts and makes incorrect inferencnes
about external reality even in the face of contrary
evidence. The term [Psychotic] dose not apply to minor
distortions of reality that involve matters of relative
Judgment.... The term [Psychotic] is sometime appropriate
when a person's behavior is so grossly disoragnzied that
a reasonble inference can be made that reality testing is
markedly disturbed. Id. If a defendant is impaired in his
perception of reality such that Face contrary evedence it is
guestinable. (2) emotional insanity (1872) Insanity produced by
a violent excitement of the emotions or passions that reasoning
faculties may remain unimpaired; a passions that far a
period creates complete derangement of Intellect.

Diminished capacity or emotional Insanity both are not recognize in Texas. Insanity is the only diminished capacity defense to criminal responibility in Texas See: Rhoten vs. states 299 S.W. 3d 349.

DR Tedford opined that Mr. Weisner suffered from mental health issues as listed Above and has a deficit in reality See: RRO4 Direct 13, 29.

## A-Ⅱ

Regarding the allegation that trial Counsel failed to object to perjury. Applicant has not shown that any perjury accurred.

Applicant objection to the court Finding Of fact, trial court is incorrect. Ground Eight Applicant was dénied effective assistance Of counsel when counsel failed to Object to Aggravated perjury committed by the District attorney

Trial Counsel response: Defense Counsel is unaware of any perjury committed by the district attorney.

In which is a false statement because trial counsel Response: Ground Seven was Defense counsel was provided Notice Of Extaneous offenses prior to trial. Defense counsel went over all these 22 extraneous offenses with Applicant Prior to being presented to the jury, Defense Counsel made objections; included remoteness and lack of probable cause to believe happen as to no-billed allegations. The State agreed, Evidence of unadjudicated offenses were Subjected to cross examination and a jury instruction that the jury must believe each unadjudicated offense accured beyond a reasonble doubt was included in the instructions to the jury. Counsel, also alleged he did a investigation. So when the states Attorney made perjury statements to the jury about Applicant has been physically and emotionally abusive towards Latsha Hill as a course of conduct, from on or about January 1, 1996 to on or about present. Defendant has hit complainant with a gun. Defendant was been Controlling. Violent, and aggressive, strangled complainant with a Closed fist: Forced Complainant to have Sex slapped, grabbed, and shoved complainant; pulled complainants hair and thrown complainant agaist a wall "Extraneous offense" No. 20. Counsel Knew Applicant did not meet Latasha Hill until 1998 2yr after 1996. Latasha Hill was 16yr old in 1996. She testified to have been with Applicant since she was 18 yr of age. See: RRO3 Direct.

In the news paper article used as Exhibits B for both cases. Mr. Rosemergy said Weisner was upset when his on-again off-again relationship with Hill ended after 13 years.

## A - IV

Judge Robert Burns has Denied Applicant of Due Process By not following Court Of Criminal Appeals Of Texas Order: Judge Robert Burns was order, To do Fact Findings And Conclusions Of Law. To determine whether it is A reasonable Probability that had counsel presented an insanity defense, the jury would have found Applicant not guilty by reason of insanity. In which he has not done.

## A - V

Judge Robert Burns Once again has intentionally and Knowingly deprived Applicant of constitutional fair Writ of Habeas. He has not answered Ground [1-4] on Applicant Writ Of Habeas. In all 4 grounds Judge Burns Denied Applicant 5th, 6th, 14th Amendments of the United States Constitution. Yet he still has not answered to any of the alleged facts.

## Conclusion

Applicant objections to all Judge Robert Burns' Findings Of Fact And Conclusions Of Law, and has made showing of facts that Attorney Paul Rosemergy's is not credible, and not worthy of belief.

I, Sean Weisner, am the Applicant and being presently incarcerated in Mark W. Stiles Unit declare Under penalty of perjury that arecording to my belief the facts stated in the above motion are true and Correct respectfully submitted Sean Weisner, Sean Weisner Jan 7, 2015